# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DALON TASHON ALBRITTON,

                       Plaintiff,

v.

RACINE COUNTY JAIL,
DEPARTMENT OF CORRECTIONS,
CHRISTOPHER SMALING, and
CAPT. FRIEND,

                       Defendants.

Case No. 21-CV-99-JPS

**ORDER**

       Plaintiff Dalon Tashon Albritton, an inmate confined at Racine County Jail ("RCJ"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

       The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

       On April 7, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $66.02. (Docket #6). Plaintiff paid that fee on April 26, 2021. The

Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

Page 2 of 9
Case 2:21-cv-00099-JPS   Filed 02/28/22   Page 2 of 9   Document 8

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings a series of allegations against Defendants arising out of him contracting COVID-19 while incarcerated at RCJ. (Docket #1). At the time of the underlying events in 2020, Plaintiff had been at RCJ for six months. (*Id.* at 2). On October 2, 2020, Plaintiff asked a correction officer, C.O. Hernandez, for a protective mask, but C.O. Hernandez responded that he did not have any. (*Id.* at 3). Plaintiff's "pod" was under quarantine and was moved to cell block 2A a few days later. (*Id.*) Plaintiff was put in Cell 16. (*Id.*) While there, a fellow inmate communicated to Plaintiff through a vent that the guards had recently transported a COVID-positive inmate through cell block 2A. (*Id.*) It seems that this inmate had been in Cell 17—next to Plaintiff's cell—only ten minutes prior to Plaintiff arriving at Cell 16. (*Id.*) Plaintiff alleges that the area to which he was brought, and where the infected inmate had been, was not cleaned prior to Plaintiff arriving. (*Id.*) On October 5, 2020, Plaintiff tested positive for COVID-19. (*Id.* at 2). Plaintiff states that he only discovered that he had COVID-19 after a "cool" guard, Camarco, informed him and his fellow inmates about their positive tests. (*Id.* at 4).

Shortly after these events, eighteen inmates, including Plaintiff, organized together to "take a stand" against the COVID-19 protocols at RCJ. (*Id.*). Videos of this protest were broadcast on Facebook Live and made

the local news. (*Id.* at 3–4). According to Plaintiff, there is video footage of him holding up two bags of garbage, the result of RCJ not emptying inmates' garbage. (*Id.* at 4). Plaintiff maintains that, because of the protest he helped organize, Sheriff Christopher Schmaling called the National Guard to RCJ. (*Id.*)

At Sheriff Schmaling's direction, the National Guard began administering COVID-19 tests at RCJ. (*Id.* at 5). Plaintiff alleges that Sheriff Schmaling gave permission to the National Guard to share the results of those tests with correctional officers, who then gave the results to inmates. (*Id.*) Plaintiff believes that this violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiff alleges a host of other instances in which he was moved to areas recently occupied by COVID-positive inmates, transported with COVID-positive inmates, or placed around guards who had contact with COVID-positive inmates. (*Id.*) He also states that he was made to return his face mask anytime he returned from court to RCJ. (*Id.*)

### 2.3   Analysis

First, the Court will begin with Plaintiff's claim that Defendants violated his rights under HIPAA. HIPAA does not confer a private right of action or rights enforceable in a § 1983 action. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Thus, Plaintiff cannot proceed on a HIPAA claim.

Second, Plaintiff's allegations about his many exposures to and eventual contraction of COVID-19 implicate his rights under the Eighth Amendment. Under the Eighth Amendment, to state a claim for unconstitutional conditions of confinement, a plaintiff must first allege that he suffered a deprivation sufficiently serious to have denied him "the

Page 4 of 9
Case 2:21-cv-00099-JPS   Filed 02/28/22   Page 4 of 9   Document 8

minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities"). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. This includes sanitary and hygienic living conditions. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (collecting cases). Second, a plaintiff must allege that the defendant was deliberately indifferent to the plaintiff's health or safety, meaning that the defendant was both aware of and disregarded "an excessive risk to [the plaintiff's] health or safety." *Farmer*, 511 U.S. at 837.

Importantly, § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.*

In the fact section of his complaint, Plaintiff identifies very few actors by name. Instead, he defaults to the pronoun "they," or simply calls the unknown actors "RCJ." The Court has no way to identify which prison guards and officials increased Plaintiff's risk of exposure to COVID-19. The Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations against Defendants. If he chooses to offer an amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) who increased his risk of exposure to COVID-19; (2) how they increased his exposure to COVID-19; and (3) how their actions were deliberately indifferent to Plaintiff's health and safety.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.  **CONCLUSION**

The Court will give Plaintiff an opportunity to amend his complaint as to his claim that Defendants violated his Eighth Amendment rights by exposing him to COVID-19.

Finally, on June 18, 2021, Plaintiff submitted a letter in which he writes that he has "another grievance (lawsuit) that I think there is a

Page 6 of 9
Case 2:21-cv-00099-JPS   Filed 02/28/22   Page 6 of 9   Document 8

possibility of." (Docket #7). This letter describes events surrounding Plaintiff's employment as an "inmate worker" at RCJ. (*Id.*) If Plaintiff wishes to proceed on a lawsuit as to this wholly separate matter, he must file it as a new suit and pay the filing fee, as he was required to do to initiate the present case. Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits' so as to prevent prisoners from dodging the fee-payment or three strikes provisions of the Prison Litigation Reform Act." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint (Docket #1) fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **March 31, 2022**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $283.98 balance

of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Prisoners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.