# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DALON TASHON ALBRITTON,

                Plaintiff,

v.

CHRISTOPHER SMALING,
CAPTAIN FRIEND, MEGAN
RASMUSSEN, and BRIAN HAYES,

                Defendants.

Case No. 21-CV-99-JPS

**ORDER**

      On January 22, 2021, Plaintiff, a prisoner proceeding pro se, filed a complaint alleging that his civil rights were violated. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. On February 28, 2022, the Court granted Plaintiff's motion for leave to proceed without prepayment of the filing fee, screened Plaintiff's complaint, determined that it did not state a claim, and afforded Plaintiff leave to amend the complaint. ECF No. 8. On April 25, 2022, the Court again ordered Plaintiff to file an amended complaint. ECF No. 10.

      On May 2, 2022, Plaintiff filed an amended complaint. ECF No. 11. On May 4, 2022, Plaintiff filed a motion for an extension of time to file an amended complaint, ECF No. 12, along with a second amended complaint, ECF No. 13. The Court will grant Plaintiff's motion to extend time and will accordingly screen the second amended complaint pursuant to 28 U.S.C. § 1915A.

1.  SCREENING THE COMPLAINT

    1.1   Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*,

570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff names four defendants in this case: Defendants Sheriff Christopher Smaling "("Smaling"), Captain Friend ("Friend"), D.O.C. Brain Hayes ("Hayes"), and Probation Officer Megan Rassmussen ("Rassmussen").

Plaintiff alleges that he tested positive for COVID-19 at the Racine County Jail on October 5, 2020. ECF No. 13 at 2. He claims that Smaling and Friend failed to provide Plaintiff with his own personal mask despite the state-wide mask mandate at the time. *Id.* Plaintiff states that Smaling, Friend, Lieutenant Yahn, Sgt. Ivedke, Sgt. Anderson, C.O. Newman, C.O. Arjon, and C.O. Lambert were all involved.[1] Plaintiff also states all these individuals were involved in his movement to quarantine in "2A where [he] was moved into cell 1b and they did not sanitize the cell." *Id.* Plaintiff alleges that C.O. Newman and Sgt. Anderson put him in the cell without sanitizing it despite the fact that an inmate who tested positive for COVID-19 had been there only five minutes earlier. *Id.* Friend moved Plaintiff to 3A for another quarantine where Plaintiff stayed for fourteen days. *Id.*

Plaintiff claims he was "improperly" quarantining and risking his health because Friend, Sgt. Ivedke, Sgt. Anderson, and C.O. Newman put more inmates in the pod who had just tested positive for COVID-19. *Id.* at

---

[1] The Court notes that the Plaintiff's handwriting is at times difficult to read; the Court uses its best effort in interpreting Plaintiff's claims.

2–3. This action caused Plaintiff to "recatch symptoms." *Id.* at 3. Friend refused to let Plaintiff go to the hospital to seek medical treatment after passing out despite knowing that Plaintiff has an irregular heartbeat on file. *Id.* C.O. Teeling put a cold rag on Plaintiff's forehead and told him she would be back to check on him; she never returned. *Id.*

Plaintiff feels his probation officer, Rassmussen, and the Department of Corrections "was involved at the time [he] had beat any revocation hearing" and that if she would have dropped his P.O. hold, he would not have caught COVID-19. *Id.* Rassmussen appealed the decision and Hayes overturned the decision; Plaintiff caught COVID-19 while waiting for the appeal decision. *Id.*

Plaintiff alleges the following injuries: headaches, migraines, bad body aches, loss of appetite, vomiting, dizziness, and fast heartbeat; he further states that he only received ibuprofen and flu tablets. *Id.*

### 1.3     Analysis

Plaintiff's allegations about his exposure to and eventual contraction of COVID-19 implicate his rights under the Eighth Amendment. Under the Eighth Amendment, to state a claim for unconstitutional conditions of confinement, a plaintiff must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities"). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. This includes sanitary and hygienic living conditions. *Gillis v. Litscher*, 468 F.3d 488, 493

(7th Cir. 2006) (collecting cases). Second, a plaintiff must allege that the defendant was deliberately indifferent to the plaintiff's health or safety, meaning that the defendant was both aware of and disregarded "an excessive risk to [the plaintiff's] health or safety." *Farmer*, 511 U.S. at 837. Courts must, however, give correctional administrators "substantial discretion to devise reasonable solutions to the problems they face, particularly when safety and security interests are at stake," *Mays v. Dart*, 974 F.3d 810, 820 (7th Cir. 2020) (quoting in part *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012)).

As to Smaling and Friend, the Court finds that Plaintiff's conclusory allegations against them are insufficient to state a claim for deliberate indifference. The Court's prior screening order in this matter provided Plaintiff with specific instructions as to information needed in the amended complaint. ECF No. 8 at 5–6. Plaintiff has improved the amended complaint in that he indicates *who* took certain actions, but he fails to provide enough facts as to how these actors increased his exposure to COVID-19 and how their actions were deliberately indifferent to Plaintiff's health and safety. Plaintiff provides no details as to his mask complaint other than they failed to give him a mask; he does not indicate whether he asked these defendants for a mask, whether he was around any other people without a mask, or any length of time that he was without a mask. Plaintiff also failed to provide enough facts to show that these defendants disregarded Plaintiff's healthy and safety regarding his quarantine. Plaintiff may feel that his quarantine status was incorrect; however, the fact that the jail staff was attempting to quarantine positive COVID-19 inmates suggests the opposite of deliberate indifference.

As to Rassmussen and Hayes, Plaintiff fails to state a claim against these defendants. Plaintiff's factual allegations regarding these defendants are sparse and provide little detail as to what each of these defendants did. None of the allegations show, however, that these defendants were aware of any of the specific conditions of confinement related to COVID-19 that Plaintiff alleged caused him injury. As such, Plaintiff fails to state a claim for deliberate indifference as to these defendants.

Plaintiff may understandably feel that the Racine County Jail did not provide him with the best care to prevent his ultimate contraction of COVID-19, and this certainly may be true. The Court finds, however, that Plaintiff's claims, as alleged, nonetheless fail to sufficiently state a deliberate indifference claim upon which relief may be granted.

**2. CONCLUSION**

In sum, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. Plaintiff has amended the complaint not once, but twice. The Court provided specific guidance in its prior screening to aid Plaintiff in amending his complaint, which he failed to heed. As such, the Court will accordingly dismiss this action, with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be the and same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the second amended complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that a copy of this Order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*
>
> Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally

> no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).
>
> A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.